# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:11-CR-155 |
| | ) (2:12-CV-384) |
| | ) |
| LATOYA TRAVIS, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by Defendant, LaToya Travis, on September 20, 2012. For the reasons set forth below, this motion is **DENIED**. The Clerk is **ORDERED** to **DISMISS** the civil case with prejudice. Further, this Court declines to issue a certificate of appealability.

BACKGROUND

On January 20, 2011, this Court sentenced Defendant, LaToya Travis ("Travis"), to a 42 month term of imprisonment in cause number 2:08-CR-156. At the sentencing hearing, the Court allowed her to temporarily remain on bond but ordered that she report to the Bureau of Prisons on February 22, 2011. Travis failed to do so, which led to an indictment in the instant criminal cause

number.

Travis entered into a written plea agreement with the government on April 26, 2012, wherein she waived her right to challenge her conviction or sentence on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to the waiver or its negotiation.[1]  In exchange, the Government agreed to make a non-binding recommendation to the Court that Travis receive a reduction for acceptance of responsibility and that she receive a sentence at the mid-level of the applicable Sentencing Guidelines range.  The plea agreement was signed by Travis, her attorney, Visvaldis Kupsis ("Attorney Kupsis"), and the attorney for the Government, Gary Bell ("Attorney Bell").

A change of plea hearing was held before Magistrate Judge Andrew P. Rodovich on May 14, 2012; the hearing was digitally recorded, and Judge Rodovich subsequently submitted findings and recommendations to this Court.  On May 31, 2012, pursuant to Travis' plea and the findings and recommendations of Judge Rodovich, this Court adjudged Travis guilty of one count of Failure to Surrender for Service of Sentence in violation of Title 18 U.S.C. section 3146(a)(2). On August 2, 2012, Travis was sentenced to a fifteen (15) month prison term, to run consecutive to the term of imprisonment imposed in cause number 2:08-CR-156, plus a one (1)

---

[1] The written plea agreement is found at DE # 8.

year term of supervised release, to run concurrently to the period of supervision ordered in 2:08-CR-156. This sentence was within the Sentencing Guidelines range of twelve (12) to eighteen (18) months.

On September 20, 2012, the instant section 2255 motion was filed with the Court. Travis asserts that she is entitled to a reduction in her sentence because: (1) she was confined in harsh pretrial conditions; (2) she lived in substandard conditions while awaiting sentencing; (3) she did not see her psychiatrist; and (4) she was subjected to degrading conditions while being improperly placed on suicide watch.[2] The Government filed a response on October 26, 2012, noting that Travis' motion is without merit because it neither contests the validity of the plea agreement waiver nor presents arguments related to the negotiation of the waiver in any way. Travis' reply, in which she claims for the first time that her counsel was ineffective in terms of the plea agreement waiver, was filed on December 26, 2012.[3] The motion is now ripe for adjudication.

Section 2255

Habeas corpus relief under 28 U.S.C. section 2255 is reserved

---

[2] A section 2255 motion is not the proper mechanism to challenge conditions of confinement.

[3] Travis failed to sign her reply; instead, approximately two months later, she sent a letter to the Court in which she requested that the signature on the letter be used "in conjunction with" her reply. (DE #38.)

3

for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal. *Id.*; *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313. Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75

4

F.3d 1174, 1177 (7th Cir. 1996).

In assessing Travis' motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> The mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.'

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id*. Here, the

Court assessed Travis' claims with these guidelines in mind.

Preclusive Effect of Plea Agreement Waiver

Travis' plea agreement contains an appeal waiver, in which Travis has agreed to waive appeal of her conviction and sentence. A "[w]aiver is the intentional relinquishment or abandonment of a known right." *United States v. Sumner*, 265 F.3d 532, 537 (7th Cir. 2001). The Seventh Circuit has consistently stated that valid appellate waivers are to be upheld. *United States v. Woolley*, 123 F.3d 627, 631 (7th Cir. 1997). "For an appeal waiver to be valid, it must be express and unambiguous, and the record must clearly demonstrate that it was made knowingly and voluntarily." *Id*. at 632 (citations and internal quotation marks omitted). When deciding the validity of an appeal waiver, courts may look to the language of the plea agreement as well as the colloquy at the plea hearing. *Id*. See also *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995) ("Most waivers are effective when set out in writing and signed.").

Specifically with regard to a section 2255 motion, the Seventh Circuit has held that a waiver to file such motion contained in a plea agreement is enforceable if the waiver itself is: (1) knowing and voluntary; and (2) if the defendant cannot establish a claim for ineffective assistance of counsel in connection with negotiating the agreement. *Mason v. United States*, 211 F.3d 1065,

1068-69 (7th Cir. 2000); *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999). As such, it must be determined if Travis waived her rights knowingly and voluntarily and whether she has established a claim for ineffective assistance of counsel in connection with negotiating the agreement.

*Travis Entered Into the Waiver Knowingly and Voluntarily*

Courts enforce a plea agreement's waiver "if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." *United States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007). Courts may consider a defendant's signature on the plea agreement and his statements during the plea colloquy as evidence of a knowing and voluntary waiver. *United States v. Jemison*, 237 F.3d 911, 917–18 (7th Cir. 2001).

Travis' plea agreement contains the following waiver provision:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal and contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction and

7

> sentence or the restitution order was
> determined or imposed, to any Court on any
> ground, including any claim of ineffective
> assistance of counsel unless the claimed
> ineffective assistance of counsel relates
> directly to this waiver or its negotiation,
> including any appeal under Title 18, United
> States Code, Section 3742 or any
> post-conviction proceeding, including but not
> limited to, a proceeding under Title 28,
> United States Code, Section 2255.

Travis and her lawyer both signed the plea agreement, and it is undisputed that the waiver itself is clear and unambiguous.

Furthermore, this Court has carefully reviewed the digital recording from the change of plea hearing along with Judge Rodovich's findings and recommendations. During the change of plea hearing, Travis, who was placed under oath, confirmed that she read the plea agreement, signed the original copy of the plea agreement, and that she wished to plead guilty to the failure to appear charge. Judge Rodovich spoke about the applicable penalties, the Sentencing Guidelines, the sentencing process and the non-binding recommendations laid out in the plea agreement, and Travis confirmed that she understood these terms and issues. Judge Rodovich specifically went over the appeal waiver found in the written plea agreement, and Travis confirmed that she understood the waiver and its meaning. Travis also confirmed that she was satisfied with the advice of Attorney Kupsis regarding the plea agreement and the waiver. Travis was specifically asked by Judge Rodovich whether any threats or promises were made to induce her to

8

enter a guilty plea, and she replied in the negative. She was then asked whether she still wished to plead guilty, and she replied that she did. Later in the hearing, Judge Rodovich again asked Travis whether she was satisfied with the services and advice of Attorney Kupsis and whether she wanted to waive her right to appeal her conviction and sentence; Travis responded in the affirmative to both questions. Near the end of the hearing, Travis confirmed yet again that she wished to enter a guilty plea. Judge Rodovich ultimately found that Travis knowingly and voluntarily waived her rights and that there was a sufficient factual basis for the guilty plea. The written findings and recommendations, which were submitted to this Court following the change of plea hearing, state:

> (1) that the defendant understands the nature of the charge against her to which the plea is offered;
>
> (2) that the defendant understands her right to trial by jury, to persist in her plea of not guilty, to the assistance of counsel at trial, to confront and crossexamine adverse witnesses, and her right against compelled self-incrimination;
>
> (3) that the defendant understands what the maximum possible sentence is, including the effect of the supervised release term, and defendant understands that the Probation Department will prepare a presentence report based upon the sentencing guidelines but that the court may depart from those guidelines under some circumstances;
>
> (4) that the plea of guilty by the defendant has been knowingly and voluntarily made and is

9

>     not the result of force or threats or of
>     promises;
>
>     (5) that the defendant is competent to plead
>     guilty;
>
>     (6) that the defendant understands that her
>     answers may later be used against her in a
>     prosecution for perjury or false statement;
>
>     (7) that there is a factual basis for the
>     defendant's plea . . . .

Although Judge Rodovich indicated that any objections to the findings and recommendations would be waived unless filed and served within ten (10) days, none were filed by Travis.

Based on the foregoing evidence, the Court is satisfied that the appeal waiver is enforceable. See *United States v. Jemison*, 237 F.3d 911, 917 (7th Cir. 2001). Because Travis knowingly and voluntarily entered into the plea agreement, and because all of its provisions -- including the waivers -- were explained to her at the change of plea hearing without any requests for further clarification or disagreement, she is bound by it.


*Travis Has Not Made a Valid Claim of Ineffective Assistance of Counsel in Connection with Negotiating the Agreement*

Given this Court's finding that the waiver provision in her plea agreement is enforceable, Travis' section 2255 motion must fail unless Travis points directly to ineffective negotiation that would have rendered the entire plea agreement invalid or fundamentally unfair for the Court to enforce. None of the grounds

or arguments presented by Travis in her motion relate to the voluntariness of the waiver or the negotiation of the agreement, so the Court need not address these claims. However, Travis does argue, for the first time in her reply brief, that Attorney Kupsis was ineffective because he told her that the Government's plea deal was an "all for nothing agreement" and that "if she wanted to make a deal with the US Attorney Bell for 15 months, she would have had to sign the plea agreement and waive her rights." Travis refers to this advice as "erroneous."

Because this argument was made for the first time in Travis' reply brief, it is waived. See *Gonzales v. Mize*, 565 F.3d 373, 382 (7th Cir. 2009) (citing *Simpson v. Office of the Chief Judge of Will County*, 559 F.3d 706, 719 (7th Cir. 2009) ("Arguments raised for the first time in a reply brief are waived." (quotation marks omitted))).

However, even if the argument was not waived, it would still fail. Because counsel is presumed effective, a defendant bears a heavy burden in proving that his attorney rendered ineffective assistance. *United States v. Guerrero*, 938 F.2d 725, 727 (7th Cir. 1991). "Only if the petitioner comes forward with 'specific acts or omissions of his counsel that constitute ineffective assistance' will [the Court] then consider 'whether these acts or omissions were made outside the wide range of professionally competent assistance.'" *Hutchings v. Unites States*, 618 F.3d 693, 697 (7th

11

Cir. 2010) (citing *Berkey v. United States*, 318 F.3d 768, 772 (7th Cir. 2003). A claim for ineffective assistance of counsel can only prevail if the defendant satisfies the test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Id*. at 696. Under this test, a defendant must show: (1) that his attorney's performance was deficient (i.e. that the representation fell well below an objective standard of reasonableness); and (2) that the deficiency caused the defendant to be prejudiced (i.e. in the plea agreement context, that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different). *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011). A reasonable probability is a probability sufficient to undermine confidence in the outcome [of the case]. *Strickland*, 466 U.S. at 694.

In her reply letter, Travis essentially contends that Attorney Kupsis was ineffective because he told Travis that if she wanted to "make a deal" with the Government for fifteen (15) months, she would have to "sign the plea agreement and waive her rights." Travis provides no evidence that this information was incorrect or that Attorney Kupsis could have "prevented" an appeal waiver from being part of the plea agreement that the Government ultimately offered to Travis; indeed, there is no suggestion in the record that the Government ever considered offering her a plea agreement that did not contain a waiver. The Government is under no

obligation to offer a plea agreement at all, let alone one without an appellate waiver included as part of its terms. See *United States v. Hall*, 212 F.3d 1016, 1022 (7th Cir. 2000) ("no prosecutor is ever under any obligation to consider much less offer a plea bargain" and its completed negotiation is "beyond the control of [defense] counsel" alone). The Court finds no reason to believe that "more effective" counsel would have been able to negotiate a plea agreement without a waiver in this case. Appellate waivers are standard negotiation measures in the federal system, and defendants are free to accept or reject the terms offered. Here, Travis knowingly and voluntarily chose to accept the terms of the plea agreement.[4] While the plea agreement does include a waiver of Travis' appellate rights, it also includes benefits to Travis, such as the Government's promise to recommend a reduction for acceptance of responsibility and a sentence at the mid-level of the Sentencing Guidelines range. Travis "exchanged the right to appeal for prosecutorial concessions; [s]he cannot have [her] cake and eat it too." *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995). Thus, Travis has failed to show that Attorney Kupsis' representation fell below an objective standard of reasonableness.

To the extent Travis argues that Attorney Kupsis was ineffective because the appeal waiver was not properly explained,

---

[4] As noted above, the provisions of the waiver were discussed at length during the change of plea hearing, and Travis assured Judge Rodovich that she understood its terms and had no questions.

this claim is contradicted by Travis' own testimony at the change of plea hearing. When questioned in open court and under oath, Travis agreed that she read the waiver provision prior to the hearing, that she understood it, and that she agreed with it. She confirmed that she was satisfied with the advice of Attorney Kupsis regarding the plea agreement and the waiver, and she indicated that no threats or promises had been made to induce her to enter a guilty plea. Furthermore, Judge Rodovich read and explained the waiver provision to Travis in detail at the hearing itself, and Travis then re-confirmed that she wanted it approved as part of her plea agreement. The Court is satisfied that Travis was adequately informed of the terms of the waiver provision and that she knowingly and voluntarily entered into the plea agreement and waiver. As Travis has presented no evidence to show why this Court should credit her current claims over her prior in-court statements, the Court refuses to do so. See *United States v. Martinez*, 169 F.3d 1049, 1054 (7th Cir. 1999).

Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a

14

constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a Travis must show that "reasonable jurists could debate whether (or, for that matter, agree that) the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (U.S. 2000) (internal quotation marks and citation omitted).

For the reasons set forth above, Travis has not stated any grounds for relief under section 2255. The Court finds no basis for a determination that reasonable jurists would find this decision debatable or incorrect or that the issues deserve encouragement to proceed further. Therefore, a certificate of appealability will not be issued.

CONCLUSION

For the reasons set forth below, this motion is **DENIED**. The Clerk is **ORDERED** to **DISMISS** the civil case with prejudice. Further, this Court declines to issue a certificate of appealability.

**DATED: March 1, 2013**                    /s/RUDY LOZANO, Judge
                                            **United States District Court**

15